MEMORANDUM **
Greta Masisovna Mekterian, a native of Azerbaijan and a citizen of Armenia, and her daughter, petition pro se for review of the Board of Immigration Appeals’ (“BIA”) order denying them motion to reconsider and motion to reopen to apply for adjustment of status. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen or reconsider, and review de novo claims of due process violations. See Cano-Merida v. INS, 311 F.3d 960, 964 (9th Cir.2002). We deny in part and dismiss in part the petition for review.
The BIA did not abuse its discretion in denying as untimely petitioners’ motion to reconsider its order upholding an immigration judge’s decision to deny asylum, withholding of removal and protection under the Convention Against Torture, because the motion was filed more than 30 days after the BIA’s prior order. See 8 C.F.R. § 1003.2(b)(2).
The BIA did not abuse its discretion in denying petitioners’ motion to reopen to adjust status because they did not submit clear and convincing evidence of a strong likelihood that Mekterian’s marriage is bona fide. See Malhi v. INS, 336 F.3d 989, 994 n. 3 (9th Cir.2003) (an 1-130 filing receipt does not demonstrate that a marriage is bona fide); 8 C.F.R. § 204.2(a)(1)(iii)(B) (listing types of evidence supporting the bona fides of a marriage entered into during removal proceedings). It follows that petitioners have not established a due process violation. See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to succeed on a due process claim).
To the extent petitioners challenge the BIA’s February 3, 2006 order dismissing their underlying appeal, we lack jurisdiction because this petition for review is not timely as to that order. See 8 U.S.C. *603 § 1252(b)(1); Singh v. INS, 315 F.3d 1186, 1188 (9th Cir.2003).
PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.